110 A.3d 925

IN THE MATTER OF EDWARD A. MACDUFFIE, JR., AN ATTORNEY AT LAW (ATTORNEY NO. 243801971).

March 26, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–196, concluding on the record certified by the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **EDWARD A. MACDUFFIE, JR.,** of **LAVALLETTE,** who was

admitted to the bar of this State in 1971, and who has been temporarily suspended from the practice of law since January 8, 2014, should be suspended from the practice of law for a period of three months for violating *RPC* 1.2(a) (a lawyer shall abide by a client's decisions concerning he scope and objectives of the representation and shall consult with the client about the means to pursue them), *RPC* 1.4(b) (failure to communicate with client) and *RPC* 1.15 (failure to safeguard the property of a client or third person);

And the Disciplinary Review Board having further concluded that: (1) the term of suspension should be effective on the expiration of respondent's temporary suspension, (2) respondent should be required to reimburse the *Fullen* estate $3500, and (3) no petition for reinstatement to practice should be considered by the Disciplinary Review Board until the conclusion of all pending ethics matters against respondent;

And the Court having concluded in its review of the matter that the Board's findings of violations of *RPC* 1.2(a) and *RPC* 1.15(a) should be vacated because those *Rules of Professional Conduct* were not specifically charged in the complaint as required by *Rule* 1:20–4(b), and that the three-month term of the suspension should be effective immediately;

And good cause appearing;

ORDERED that the findings of the Disciplinary Review Board that respondent violated *RPC* 1.2(a) and *RPC* 1.15(a) are hereby vacated; and it is further

It is ORDERED that **EDWARD A. MACDUFFIE, JR.,** is suspended from the practice of law for a period of three months, effective immediately, and pending respondent's compliance with the Order filed January 8, 2014, and the conclusion of all pending ethics proceedings, and until the further Order of the Court; and it is further

ORDERED that respondent shall reimburse the Fullen estate $3500; and it is further

ORDERED that the Disciplinary Review Board shall not consider a petition for reinstatement from respondent until the conclusion of any and all pending ethics matters against him; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.